The judgment of the court was pronounced by
Eustis, C. J.
The petitioner complains, that under a writ of seizure and sale, issued on a judgment against him, the sheriff has advertised for sale, as his property, “ a certain tract of land, situated in the parish of Terrebonne, and containing six hundred and forty superficial arpents, and bounded, on the 12th of August, 1836, above by lands belonging to Widow H. S. Thibodeaux, and now R. R. Barrow, and below by lands then belonging to Thomas R. Shields, now R. R. Barrow.” He alleges that he has never been legally notified of the seizure; and that the description of his land given in the advertisements is defective, and will prove injurious to his interests, by misleading purchasers as to the quantity or superficial contents of the tract.
The proceedings .under this description were enjoined; but upon the trial the injunction granted was dissolved, with damages against the plaintiff and his surety on the injunction bond. From this judgment the plaintiff has appealed.
The difficulty in this case is the result of a mistake. The act of mortgage describes the tract with its boundaries as containing 640 acres. The writ of seizure and sale, the notice to the debtor, and the advertisement describe the tract as 640 ai-pents. The difference of quantity of land in the tract under the *127 two descriptions would be upwards of 117 acres; and under the description' in the advertisements the tract of land to be sold is so much short of its true contents. Such proceedings are entirely inadmissible and lead to inextricable difficulties. Not only the interest of the parties, but that of the public who are invited to become purchasers, requires that they should not be countenanced. It is said that this court has determined this matter by affirming a judgment against Wright on a previous injunction, which he took out on the original order of seizure. In that case the description given was 640 acres, not arpents.
The judgment of the district court is therefore reversed, and the case remanded for further proceedings; the appellee paying costs of this appeal.